57 F.3d 1070
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Richard M. STRATEN, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 94-4298.
 United States Court of Appeals, Sixth Circuit.
 June 9, 1995.
 
 1
 Before: MARTIN and SILER, Circuit Judges, and JOINER, District Judge.*
 
 ORDER
 
 2
 Richard M. Straten appeals a district court judgment affirming the Secretary's denial of his applications for social security disability benefits. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Straten filed applications for social security disability insurance benefits and for supplemental security income benefits alleging that he suffered from pain in the left hip, knees, and back. Following a hearing, an administrative law judge (ALJ) determined that Straten was not disabled because he had the residual functional capacity to perform a significant number of jobs in the economy. The Appeals Council declined to review the ALJ's determination.
 
 
 4
 Straten then filed a complaint seeking review of the Secretary's decision. The district court affirmed the denial of benefits and granted judgment to the Secretary.
 
 
 5
 Upon review, we conclude that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 6
 Straten contends that the ALJ erred by concluding that Straten's psychological limitations merely precluded him from working with more than minimal interpersonal contacts. However, the record shows that Straten engages in substantial daily activities. He can care for his personal needs, he performs housework, he hunts, and he fishes. These activities do not indicate that Straten is unable to engage in minimal personal contacts. See Young v. Secretary of Health & Human Servs., 925 F.2d 146, 150 (6th Cir.1990).
 
 
 7
 Straten contends that the hypothetical questions presented to the ALJ did not properly presume all of Straten's physical and mental impairments. However, the ALJ's hypothetical question to the vocational expert did presume all the impairments which are supported by objective medical evidence in the record. A vocational expert's testimony must be based on hypothetical questions which accurately portray a claimant's physical and mental impairments. Varley v. Secretary of Health & Human Servs., 820 F.2d 777, 779 (6th Cir.1987). The hypothetical question presented to the vocational expert properly presumed Straten's physical and mental impairments. Therefore, the argument is without merit.
 
 
 8
 Finally, Straten contends that the ALJ erred by concluding that he could perform a substantial number of jobs in the national economy. Under 20 C.F.R. Sec. 1566, because the vocational expert stated that a significant number of jobs existed in the regional economy which Straten could perform, the regulation permits the ALJ to presume that Straten can perform a substantial number of jobs in the national economy.
 
 
 9
 Accordingly, we affirm the district court's judgment.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation